UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON



KEITH RUSSELL JUDD
for President of USA,

Plaintiff,

v.  Civil Action No. 2:00-0213

UNITED STATES OF AMERICA,
ALL 50 STATES and 5 DISTRICTS,
ALL COUNTY [sic], PARISHES, CITIES,
TOWN [sic], CITIZENS AND
INDIVIDUALS WITHIN JURISDICTION
OF USA,
FEDERAL ELECTION COMMISSION,
FEDERAL COMMUNICATIONS COMMISSION,
INTERNAL REVENUE SERVICE,
ALL TV AND RADIO BROADCASTERS, et al,
JUDICIAL BRANCH OF FEDERAL
 GOVERNMENT,
LEGISLATIVE BRANCH OF FEDERAL
 GOVERNMENT,
EXECUTIVE BRANCH OF FEDERAL
 GOVERNMENT,
BUREAU OF PRISONS,
U. S. SECRET SERVICE,
FEDERAL BUREAU OF INVESTIGATION, et al,

Defendants.

### REPORT-RECOMMENDATION

**JERRY D. HOGG, UNITED STATES MAGISTRATE JUDGE     MARCH 29, 2000**

The plaintiff, incarcerated at FCI Big Spring, Big Spring, Texas, filed a complaint, *pro se,* together with an application to proceed *in forma pauperis* on March 17, 2000.

The matter was referred by standing order to the undersigned magistrate judge for Report-Recommendation pursuant to 28 U.S.C. § 636.

It is the finding of the undersigned magistrate judge that plaintiff qualifies for *in forma pauperis* status.

The plaintiff has filed this action against the United States, all states and districts, all parishes, counties, cities, and towns, all individuals "within the jurisdiction of" the Federal Election Commission, several federal government agencies, and against the judicial, executive, and legislative branches of the federal government. He seeks an "Emergency" Petition For Writ of Mandamus to require this state to place his name on the ballot for the next general election as a candidate for the office of President of the United States.

The plaintiff's complaint is without merit. This Court can offer him no relief. Mandamus jurisdiction pursuant to 28 U.S.C. § 1361 can be invoked only when plaintiff has a clear right to the relief sought, the defendant has a clear duty to perform, and no other adequate remedy is available. Blaney v. U.S., 34 F.3rd 509 (7th Cir. 1994). Failure to show any of these prerequisites defeats this Court's jurisdiction.

The plaintiff has failed to plead a factual or a legal basis to support his requested relief. He has not alleged a violation of his constitutional rights nor identified any

corresponding duty of any of the broadly named federal defendants. With regard to any state defendants whom plaintiff may have named, 28 U.S.C. § 1361 applies only to officers and employees of the United States and any agency thereof and does not authorize federal courts to issue writs of mandamus to state agencies. Ferguson v. Alabama Criminal Justice Information Center, 962 F. Supp. 1446 (M.D. Ala. 1997).

28 U.S.C. § 1915A provides, in part, that an *in forma pauperis* action by a prisoner seeking redress from a governmental entity or officer or employee of a governmental entity may be dismissed before docketing, if feasible, or, in any event, as soon as practicable after docketing if the complaint is found to be (1) frivolous, malicious, or fails to state a claim upon which relief can be granted.

The undersigned magistrate judge finds that the plaintiff's complaint is frivolous and fails to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915A.

It is, accordingly,

**RECOMMENDED** that the plaintiff's application to proceed *in forma pauperis* be granted; the plaintiff's complaint be dismissed with prejudice as being frivolous pursuant to 28 U.S.C. § 1915A; and the Clerk be directed to remove this case from the docket of the court.

Plaintiff and defendants are hereby notified that a copy of this **REPORT-RECOMMENDATION** will be submitted to the Honorable Joseph R. Goodwin, United States District Judge, and that, in accordance with the provisions of Rule 72(b), Federal Rules of Civil Procedure, the parties may, within l3 days of the date of filing of

this **REPORT-RECOMMENDATION**, serve and file written objections with the Clerk of the court, identifying the portions of the **REPORT-RECOMMENDATION** to which objection is made and the basis for such objection. The Judge will make a *de novo* determination of those portions of the **REPORT-RECOMMENDATION** to which objection is made in accordance with the provisions of 28 U.S.C. § 636(b) and the parties are advised that failure to file timely objections will result in a waiver of their right to appeal from a judgment of the District Court based on such **REPORT-RECOMMENDATION**. Copies of objections shall be served on all parties with copies of the same to Judge Goodwin and this magistrate judge.

The Clerk is directed to file this **REPORT-RECOMMENDATION** and mail a certified copy of the same to the named parties.

DATED:    March 29, 2000.

_____
JERRY D. HOGG
UNITED STATES MAGISTRATE JUDGE

4